**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTHA ISABEL SIERRA-CARDONA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 05-74740 <br><br> Agency No. A079-800-107 <br><br> MEMORANDUM[*] |
| MARTHA ISABEL SIERRA-CARDONA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 06-71823 <br><br> Agency No. A079-800-107 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted June 14, 2010[]
San Francisco, California

Before: SCHROEDER and BYBEE, Circuit Judges, and PANNER, District Judge.[***]

Martha Isabel Sierra-Cardona is a native and citizen of Colombia who petitions for review of decisions of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). She also petitions for review of the BIA's denial of her motion to reopen.

To be eligible for asylum, Sierra-Cardona has the burden of proving she suffered past persecution or has a well-founded fear of future persecution. *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc). To qualify for withholding of removal, she is required to establish that it is more likely than not that she would be subjected to persecution if returned to Colombia. *Kohli v. Gonzales*, 473 F.3d 1061, 1070 (9th Cir. 2007). In order to obtain CAT relief, Sierra-Cardona must establish that it would be more likely than not that she would

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Owen M. Panner, Senior United States District Judge for the District of Oregon, sitting by designation.

be tortured upon her return to Colombia. *Muradin v. Gonzales*, 494 F.3d 1208, 1210–11 (9th Cir. 2007).

Sierra-Cardona claims she met these standards because she was persecuted and tortured in Colombia on account of her homosexuality. The IJ determined that she was not credible. Although Sierra-Cardona testified that she was raped by military men because she was a lesbian, she neglected to mention this incident in her initial interview with an asylum officer and in her application. She only raised this claim a day before her hearing. It is not clear from the record that her lawyer was responsible for omitting this rape incident. While it is true that in some circumstances failure to disclose an instance of rape prior to an asylum hearing cannot alone support an adverse credibility finding, *Kebede v. Ashcroft*, 366 F.3d 808, 811 (9th Cir. 2004), the BIA found the record as a whole undermines Sierra-Cardona's credibility. The BIA noted the IJ identified and properly evaluated a number of inconsistencies and omissions in the record. The evidence does not compel a contrary conclusion. *See Zhou v. Gonzales*, 437 F.3d 860, 865 (9th Cir. 2006) ("To reverse, the evidence 'must have been such that a reasonable fact-finder would have been compelled to conclude that [the petitioner] was eligible for relief.'") (citation omitted).

Since Sierra-Cardona failed to establish her eligibility for asylum, she also failed to meet the higher burden of proving her entitlement to withholding of removal. *Kumar v. Gonzales*, 439 F.3d 520, 525 (9th Cir. 2006). Sierra-Cardona also cannot establish her eligibility for CAT relief because her stated fear of future torture is based on the same evidence which the IJ and BIA determined was not credible. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

Sierra-Cardona moved to reopen based on ineffective assistance of counsel. She claimed that she was not being properly represented because there was confusion as to which of the two attorneys was actually representing her. Although the record indicates some early confusion on this issue, close to a year before the merits hearing she consented to one of the attorneys representing her. Sierra-Cardona further contends that her attorney was ineffective for failing to include her rape claim in her application and failing to timely submit documents to the IJ regarding said claim. The record does not reflect that any omission was attributable to counsel. The BIA did not abuse its discretion in denying her motion to reopen. *See Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir. 2008) (noting standard of review).

The petition for review is **DENIED.**